Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
MINDEN PICTURES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDEN PICTURES, INC., | Civil Action No. 2:24-cv-00962 |
| PLAINTIFF, | **COMPLAINT** |
| v. | |
| SALT WATER HIGH, LLC d/b/a WAVE TRIBE, | |
| Defendant. | |

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues defendant Salt Water High, LLC d/b/a Wave Tribe ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2. Defendant is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 201 Bryant Street, #4A, Ojai, CA 93023. Defendant's agent for service of process is Derek Dodds, 1129 Maricopa Hwy, #175, Ojai, CA 93023.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has jurisdiction over Defendant because it has maintained sufficient minimum contacts with California such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell

LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

# FACTS

I.      **Plaintiff's Business**

6.      Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7.      Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8.      Plaintiff also features images of human interaction with the natural world highlighting scientific research, conservation, environmental issues, indigenous peoples, and eco-travel.

9.      Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

II.     **The Work at Issue in this Lawsuit**

   *A.    The First Photograph*

10.     Konrad Wothe is one of many photographers represented by Minden Pictures, Inc. (see https://www.mindenpictures.com/favorites/photographer-portfolios/konrad-wothe.html).

11.     Mr. Wothe began taking photographs at the age of eight when he

received his first basic camera. At the tender age of 18, he won first prize in the "Jugend forscht" competition for building a 360-degree panoramic camera.

12. For over 20 years Mr. Wothe has been working as a freelance nature photographer and filmmaker all over the world. He has photographed animals, plants, landscapes and more at many of the most beautiful sites between the Arctic and the Antarctic. Mr. Wothe's main focus is to document animals in their natural habitat, exhibiting their particular character and typical behavior. His recent work focuses on the world's rainforests and in an effort to draw attention to this essential biosphere he has been presenting educational slide presentations over the past few years.

13. In 2000, Mr. Wothe created a professional photograph of a Gray Whale (Eschrichtius robustus) breaching while tourists watch titled "00192378" (the "First Photograph").  A copy of the First Photograph is displayed below:



14. The First Photograph was registered by Plaintiff with the Register of Copyrights on February 3, 2000, and was assigned Registration No. VA 989-917. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

15. Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

**B. Second Photograph**

16. Fred Bavendam is one of many photographers represented by Plaintiff (see https://www.mindenpictures.com/favorites/photographer-portfolios/fred-bavendam.html).

17. Mr. Bavendam is a passionate photographer of marine animals. He

attended the University of New Hampshire from which he graduated with majors in art and zoology. He spent the next few years working as a commercial photographer. At the age of 28, Mr. Bavendam took an introductory scuba course and began diving and taking underwater pictures as a hobby. Over time, the hobby became an obsession until he abandoned commercial photography to devote all his efforts to underwater photography in 1985.

18. His definitive photo essays about manatees, the giant octopus, crinoids, and frogfishes were each published in *National Geographic*, *Geo Germany,* and *Geo France*. Additional stories on cuttlefish, nudibranchs, sea stars, monkfish, and marine animal behavior have appeared in many other magazines such as *Figaro*, *Terre Sauvage*, *Airone*, *International Wildlife*, *Smithsonian*, *Newton,* and Quark. He has also won several BBC Wildlife Photographer of the Year contests.

19. In 2000, Mr. Bavendam created a professional photograph of a Pacific Giant Octopus (Enteroctopus dofleini) scurrying across the ocean floor as it forages for crabs at Quadra Island, British Columbia, Canada titled "00153037" (the "Second Photograph"). A copy of the Second Photograph is displayed below:



20. The Second Photograph was registered by Plaintiff with the Register of Copyrights on February 3, 2000 and was assigned Registration No. VA 989-919. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as "**Exhibit A.**"

21. Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

22. The First Photograph and the Second Photograph are collectively referred to herein as the "Work."

23. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work. As such, Plaintiff is entitled to institute and maintain this action for

copyright infringement.  See 17 U.S.C. § 501(b).

II.     **Defendant's Unlawful Activities**

24.     Defendant is an online merchant that markets and sells eco-friendly surf merchandise.

25.     Defendant advertises/markets its business through its website (https://www.wavetribe.com/), social media (e.g., https://www.facebook.com/wavetribe/), and other forms of advertising.

26.     On May 5, 2019 and March 1, 2020 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published and/or displayed copies of the Work on its website, webpage, and/or social media (at https://www.wavetribe.com/blogs/eco/california-spring-is-whale-watching-time):



and      https://www.wavetribe.com/blogs/eco/your-ultimate-guide-to-the-oceans-most-nurturing-moms

**Giant Pacific Octopus**

It may look like a fearsome kraken but this deep sea dwelling bro-the world's largest octopus species-is deeply dedicated towards ensuring the survival of its eggs.

Mommy octopus lays 100,000 eggs and she takes care of every single one of them. She caresses them to wipe off sand and algae, while also providing oxygens so that the eggs survive. The maternal instinct to brood on them is very deep so much so that she won't even leave them to eat or have her own "me-time".

Which is why when the eggs hatch, she dies, having expended all her energy for her clutch. We'd like to presume though that its a selfless act of maternal love. She may die but she's happy to see her spawn survive.



**Gray Whales**

For gray whales, rearing a calf is an incredible test of endurance.

Gray whales have the longest known migration of any sea mammal. They swim a round trip of 16,000 to 19,000 kilometres each year. Pregnant whales even give birth in mid-migration. And they bring their young in tow while on the route. Talk about birthing while traveling.

Mother gray whales don't feed during their months of migration and yet they make sure that their calves are nursed. Calves drink about 50 gallons of their mother's fat-rich milk per day; amazingly, the mothers don't complain given how demanding that would be on their famished bodies. It's maternal sacrifice, at its finest.



27. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

28. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

29. Defendant utilized the Work for commercial use.

30. Upon information and belief, Defendant located a copy of the Work on the Internet and rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

31. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on March 10, 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work.

32. All conditions precedent to this action have been performed or have been waived.

## **COUNT I – COPYRIGHT INFRINGEMENT**

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

34. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

35. Plaintiff owns valid copyrights in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

36. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

37. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

38. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

39. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2023 Wave Tribe | Share The Stoke ®"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the

bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

40. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

41. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

42. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

43. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

44. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in

active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

DATED: February 5, 2024        **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman

Lauren M. Hausman
Attorney for Plaintiff
Minden Pictures, Inc.